STATE OF MAINE                          SUPERIOR COURT
AROOSTOOK, SS.                          CARIBOU
                                        Doc. No. CARSC-RE-2021-006


NorState Federal Credit

                    Plaintiff

v.

                                        Order on Motion for
                                        Summary Judgment

Susan Dubay
Danny Dubay

                    Defendants

State of Maine
Department of Labor
                    Party-in-Interest


The Plaintiff has filed a motion for summary judgment regarding this foreclosure complaint. A hearing on the motion was conducted on April 7, 2022. Plaintiff was represented at the hearing by Richard Currier, Esq. Defendant Susan Dubay appeared, representing herself. No other parties appeared. After the hearing, the court deferred ruling on the motion for 30 days to permit the parties to continue discussions regarding Ms. Dubay's efforts to sell the property to pay the debts. In addition, the court permitted the parties to supplement the filings within that time period to address any issues raised by the court at the hearing. Plaintiff has filed an updated Exhibit D-1 showing the payment history. After consideration of Plaintiff's motion, Plaintiff's Exhibits A-G, and Plaintiff's Statement of Material Facts, the court issues the following order:

1

This matter involves a foreclosure of owner occupied real estate. The Defendants executed and delivered to Plaintiff a Home Equity Loan Agreement in the principal sum of $57,000 on April 16, 2007 (hereinafter the Note). To secure repayment of the Note, the Defendants executed and delivered to Plaintiff a mortgage deed in favor of Plaintiff, which mortgage deed is recorded in the Northern Aroostook County Registry of Deeds at Book 1544, Page 245 (hereinafter the Mortgage). Plaintiff contends that the Defendants are in default of the terms of the Note and Mortgage and have failed to cure the default after the notice of right to cure. Plaintiff commenced this foreclosure action and now seeks a foreclosure judgment.

## Standard of Review

Summary judgment is appropriate when "the record reflects that there is no genuine issue of material fact and the movant is entitled to a judgment as a matter of law." *Burdzel v. Sobus*, 2000 ME 84, ¶ 6, 750 A.2d 573. "'A material fact is one that could potentially affect the outcome of the suit,' and '[a] genuine issue of material fact exists when the evidence requires a fact-finder to choose between competing versions of the truth.' *Farrington's Owners' Ass'n v. Conway Lake Resorts, Inc.*, 2005 ME 93, ¶ 9, 878 A.2d 504.'" *Scott v. Fall Line Condo. Ass'n*, 2019 ME 50, P5. The facts must be considered in the light most favorable to the non-moving party. *Mahar v. StoneWood Transport*, 2003 ME 63 ¶8, 823 A.2d 540. When a party moves for summary judgment in a residential mortgage foreclosure action, Maine Rule of Civil Procedure 56(j) requires the court to independently determine

whether the mortgage holder has properly set forth in its statement of material facts all of the elements necessary for a foreclosure judgment. *M.R. Civ. P. 56(j)*; *Chase Home Finance, LLC v. Higgins*, 2009 ME 136 ¶11, 985 A.2d 508.

## Analysis

For a judgment of foreclosure to be granted, there are eight required elements:

1. the existence of the mortgage, including the book and page number of the mortgage, and an adequate description of the mortgaged premises, including the street address, if any;

2. properly presented proof of ownership of the mortgage note and [evidence of the mortgage note and] the mortgage, including all assignments and endorsements of the note and the mortgage;

3. a breach of condition in the mortgage;

4. the amount due on the mortgage note, including any reasonable attorney fees and court costs;

5. the order of priority and any amounts that may be due to other parties in interest, including any public utility easements;

6. evidence of properly served notice of default and mortgagor's right to cure in compliance with statutory requirements;

7. after January 1, 2010, proof of completed mediation (or waiver or default of mediation), when required, pursuant to the statewide foreclosure mediation program rules; and

8. if the homeowner has not appeared in the proceeding, a statement, with a supporting affidavit, of whether or not the defendant is in military service in accordance with the Servicemembers Civil Relief Act.

*Chase Home Finance LLC v. Higgins*, 2009 ME 136, ¶11. "A plaintiff seeking a foreclosure judgment 'must comply strictly with all steps required by statute.'" *Bank of Am., N.A. v. Greenleaf*, 2014 ME 89, P18, 96 A.3d 700, 708 (Citing, Id.)

3

The notice of default and mortgagor's right to cure must be in strict compliance with the 14 M.R.S.A. §6111, as this matter involves owner occupied residential property. *14 M.R.S.A. §6321* ("The mortgagee shall further certify and provide evidence that all steps mandated by law to provide notice to the mortgagor pursuant to section 6111 were strictly performed."). 14 M.R.S. §6111 provides in pertinent part:

> "1. With respect to mortgages upon residential property located in this State when the mortgagor is occupying all or a portion of the property as the mortgagor's primary residence and the mortgage secures a loan for personal, family or household use, *the mortgagee may not accelerate* maturity of the unpaid balance of the obligation or otherwise enforce the mortgage because of a default consisting of the mortgagor's failure to make any required payment, tax payment or insurance premium payment, by any method authorized by this chapter until at least 35 days after the date that written notice *pursuant to subsection 1-A* is given by the mortgagee to the mortgagor and any cosigner against whom the mortgagee is enforcing the obligation secured by the mortgage at the last known addresses of the mortgagor and any cosigner that the mortgagor has the right to cure the default by full payment of all amounts that are due without acceleration, including reasonable interest and late charges specified in the mortgage or note as well as reasonable attorney's fees. If the mortgagor tenders payment of the amounts before the date specified in the notice, the mortgagor is restored to all rights under the mortgage deed as though the default had not occurred.
>
> 1-A. Contents of notice. A mortgagee *shall* include in the written notice under subsection 1 the following:
>
> . . .
>
> B. An itemization of all past due amounts causing the loan to be in default and the total amount due to cure the default;
>
> . . .
>
> H. A statement that the total amount due does not include any amounts that become due after the date of the notice.
>
> *Id. Emphasis added.*

4

Plaintiff's Exhibit "C" does not include a statement that the total amount due does not include any amounts that become due after the date of the notice. *Id. at H.* Further, Exhibit "C" clearly provided the Defendants with notice that the Plaintiff had already accelerated the maturity of the unpaid balance as the amount to cure the default was the exact same amount as the total due as set forth under the "accelerated balance" provision on the second page of the "Notice of Intention to Foreclose and Accelerate Loan Balance" of $37,707.67. Further, account printout for the loan included in Exhibit "C" as of the date of the notice of the right to cure default reflects an "amount past due by payoff date" of $17,115.65. Therefore, the Plaintiff has failed to exhibit strict compliance with 14 M.R.S.A. §6111 as required for this owner occupied residential property. *14 M.R.S.A. §6321*

The record revealed an additional issue. In this matter, the Complaint alleged that principal balance due on the Note at the commencement of this action was $24,216.83. *Complaint at ¶9(a).* The Statement of Material Facts reflects that the principal balance is now $15,062.56. *Plaintiff's Statement of Material Facts at ¶9(a).* This reflects a significant reduction in the outstanding principal balance since the commencement of this action. Defendants made a principal payment of $15,000.00 on August 31, 2021. *See, Plaintiff's Exhibit D-1.*

"The acceptance, before the expiration of the right of redemption and after the commencement of foreclosure proceedings of any mortgage of real property, of anything of value to be applied on or to the mortgage indebtedness by the mortgagee or any person holding under the mortgagee constitutes a waiver of the

5

foreclosure *unless* an agreement to the contrary in *writing is signed by the person from whom the payment is accepted* or unless the bank *returns the payment to the mortgagor within 10 days of receipt."* 14 M.R.S.A. §6321*(Emphasis added).* In this record, the Plaintiff has not shown that there was a signed writing reflecting an intention that the payment not result in the automatic waiver of the foreclosure.

Based on the foregoing, the court finds that the Plaintiff has failed to sustain its burden of proof. Plaintiff's Motion for Summary Judgment is **DENIED**.

The Clerk is directed to incorporate this order by reference on the docket for the case pursuant to Maine Rule of Civ. Proc. 79(a).

Dated: 5/17/2022

_____

Justice, Maine Superior Court

ENTERED ON THE DOCKET 5.23.22

6